LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDICE GRAY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV23-0630<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

1. Plaintiff KANDICE GRAY ("Plaintiff") complains and alleges:

## INTRODUCTORY ALLEGATIONS

2. This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

3. Venue is properly within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because Defendant resides in or may be found within this district, and

because the ends of justice so require.

4. This action seeks damages for the denial of disability benefits under a group disability policy, Group No. GUG-0B9ZZ, ("the Plan") established by Plaintiff's employer, Tessie Cleveland Community Services Corporation ("Tessie"), and administered and funded by Defendant United of Omaha Life Insurance Company ("Mutual of Omaha").

5. Plaintiff seeks benefits, attorneys' fees and costs, and other appropriate relief for the improper, erroneous and illegal denial of disability benefits owed to Plaintiff, a participant and beneficiary of the Plan.

## THE PARTIES AND THEIR RELATIONSHIPS

6. Plaintiff at all times herein mentioned was a resident and citizen of the County of Los Angeles, State of California. At all relevant times, Plaintiff was a participant and beneficiary of the Plan.

7. At all relevant times, the Plan was a group benefit plan that provided Plaintiff with protection against the risk of disability. Plaintiff was an employee of Griffith and was enrolled at all relevant times in the Plan.

8. Defendant is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California. Plaintiff is informed and believes, and thereon alleges, that UNUM is a corporation domiciled in the State of Nebraska.

## FACTUAL BACKGROUND

9. The disability Plan established by Tessie was funded and administered by Mutual of Omaha.

10. Plaintiff paid all premiums due for the disability coverage under the Plan.

11. Under the Plan, if Plaintiff is unable to perform the material and

substantial duties of her regular occupation with reasonable continuity, she is entitled to a monthly disability benefit. All benefits are administered and paid under the Plan by Mutual of Omaha. The Plan is funded by an insurance policy issued to Tessie by Mutual of Omaha.

12. The Plan provides both short-term disability ("STD") and long-term disability ("LTD") benefits.

13. The elimination period for the STD benefits is seven days.

14. The monthly LTD benefit is 60% of pre-disability income.

15. The maximum benefit period is to Plaintiff's normal Social Security retirement age.

16. Plaintiff was employed by Tessie at all relevant times as a supervisor and mental health therapist. She had been hired by her employer on or about December 14, 2015.

17. The onset of Plaintiff's disability was on or about August 6, 2021.

18. On or about August 9, 2021, Paul Guidry, M.D., certified Plaintiff as disabled due to lumbar radiculopathy.

19. Plaintiff promptly submitted a claim to Defendant on or about August 9, 2021, and complied with all of the plan requirements in submitting her claim.

20. Mutual of Omaha paid STD benefits until approximately August 29, 2021. After that, Mutual of Omaha refused to pay any further STD benefits.

21. Dr. Guidry again certified Plaintiff as disabled on or about August 29, 2021.

22. On or about October 7, 2021, Corey Cook, D.C., at Dr. Guidry's office again certified Plaintiff as disabled, this time due to lumbar radiculopathy. Dr. Guidry wrote that Plaintiff was suffering from "severe low back pain."

23. On or about December 6, 2021, Dr. Cook again certified Plaintiff as disabled due to lumbar radiculopathy.

24. On or about December 17, 2021, Mutual of Omaha admitted that

1 Plaintiff remained disabled and agreed to pay STD benefits through September 12, 2021.

25. On or about February 8, 2022, Dr. Cook again certified Plaintiff as disabled due to lumbar radiculopathy.

26. On or about March 25, 2022, Mutual of Omaha refused to pay STD benefits after September 12, 2021.

27. On or about April 7, 2022, Dr. Cook again certified Plaintiff as disabled due to lumbar radiculopathy.

28. On or about June 6, 2022, Dr. Guidry again certified Plaintiff as disabled due to lumbar radiculopathy.

29. On or about October 27, 2022, Dr. Guidry again certified Plaintiff as disabled due to lumbar radiculopathy. Dr. Guidry stated that Plaintiff had undergone an MRI that supported his examination and diagnosis of Plaintiff. The MRI also showed bilateral stenosis, causing Plaintiff to suffer from spasms, tingling, and numbness.

30. Mutual of Omaha refused to pay any LTD benefits.

31. Plaintiff timely appealed the denial of the STD claim and then later the LTD claim.

32. Mutual of Omaha rejected the appeals of both the STD and LTD claims.

33. Plaintiff's claim for state disability benefits was accepted and paid.

34. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

35. The Plan was entered into within the jurisdiction of the above-entitled Court.

36. The Plan calls for performance within the jurisdiction of the above-entitled Court.

37. Plaintiff has pursued and exhausted all administrative appeals, which

**Complaint**

Defendants denied.

# FIRST CAUSE OF ACTION

## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

### (Against All Defendants)

38. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

39. The disability Plan established by Tessie was funded and administered by Mutual of Omaha.

40. Plaintiff paid all premiums due for the disability coverage under the Plan.

41. Under the Plan, if Plaintiff is unable to perform the material and substantial duties of her regular occupation with reasonable continuity, she is entitled to a monthly disability benefit. All benefits are administered and paid under the Plan by Mutual of Omaha. The Plan is funded by an insurance policy issued to Tessie by Mutual of Omaha.

42. The Plan provides both short-term disability ("STD") and long-term disability ("LTD") benefits.

43. The elimination period for the STD benefits is seven days.

44. The monthly LTD benefit is 60% of pre-disability income.

45. The maximum benefit period is to Plaintiff's normal Social Security retirement age.

46. Plaintiff was employed by Tessie at all relevant times as a supervisor and mental health therapist. She had been hired by her employer on or about December 14, 2015.

47. The onset of Plaintiff's disability was on or about August 6, 2021.

48. On or about August 9, 2021, Paul Guidry, M.D., certified Plaintiff as disabled due to lumbar radiculopathy.

49. Plaintiff promptly submitted a claim to Defendant on or about August 9, 2021, and complied with all of the plan requirements in submitting her claim.

50. Mutual of Omaha paid STD benefits until approximately August 29, 2021. After that, Mutual of Omaha refused to pay any further STD benefits.

51. Dr. Guidry again certified Plaintiff as disabled on or about August 29, 2021.

52. On or about October 7, 2021, Corey Cook, D.C., at Dr. Guidry's office again certified Plaintiff as disabled, this time due to lumbar radiculopathy. Dr. Guidry wrote that Plaintiff was suffering from "severe low back pain."

53. On or about December 6, 2021, Dr. Cook again certified Plaintiff as disabled due to lumbar radiculopathy.

54. On or about December 17, 2021, Mutual of Omaha admitted that Plaintiff remained disabled and agreed to pay STD benefits through September 12, 2021.

55. On or about February 8, 2022, Dr. Cook again certified Plaintiff as disabled due to lumbar radiculopathy.

56. On or about March 25, 2022, Mutual of Omaha refused to pay STD benefits after September 12, 2021.

57. On or about April 7, 2022, Dr. Cook again certified Plaintiff as disabled due to lumbar radiculopathy.

58. On or about June 6, 2022, Dr. Guidry again certified Plaintiff as disabled due to lumbar radiculopathy.

59. On or about October 27, 2022, Dr. Guidry again certified Plaintiff as disabled due to lumbar radiculopathy. Dr. Guidry stated that Plaintiff had undergone an MRI that supported his examination and diagnosis of Plaintiff. The MRI also showed bilateral stenosis, causing Plaintiff to suffer from spasms, tingling, and numbness.

60. Mutual of Omaha refused to pay any LTD benefits.

61. Plaintiff timely appealed the denial of the STD claim and then later the LTD claim.

62. Mutual of Omaha rejected the appeals of both the STD and LTD claims.

63. Plaintiff's claim for state disability benefits was accepted and paid.

64. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

65. The Plan was entered into within the jurisdiction of the above-entitled Court.

66. The Plan calls for performance within the jurisdiction of the above-entitled Court.

67. Plaintiff has pursued and exhausted all administrative appeals, which Defendants denied.

68. As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a beneficiary and participant of the Plan, less amounts previously paid, plus interest;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For any ERISA penalties to which Plaintiff may be entitled to from Defendant;

4. For pre-judgment interest and post-judgment interest at the appropriate rate; and

5. For such other relief as the court deems appropriate.

Dated: January 27, 2023        LAW OFFICES OF CHRISTIAN J. GARRIS

By:_____
Christian J. Garris, Esq.

Attorneys for Plaintiff

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 8 —
**Complaint**